## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DARREN SHIRA and ASHLEY SHIRA,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-23-412-R** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | |
| **COMPANY and REBECCA LAFEVERS** | ) | |
| **STATE FARM AGENCY, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Remand [Doc. No. 11] contending that Defendant State Farm improperly removed this action. The matter is fully briefed [Doc. Nos. 12, 13] and at issue.

This action arises from State Farm's adjustment of an insurance claim for hail damage to Plaintiffs' roof. Plaintiffs filed suit in the District Court of Oklahoma County alleging that State Farm failed to pay the full amount due under the policy and breached the duty of good faith and fair dealing. Plaintiffs also named as a defendant Rebecca LaFevers State Farm Agency, Inc., the local insurance agency that sold Plaintiffs their insurance policy. Plaintiffs allege that the agent failed to exercise reasonable care and skill in procuring a replacement cost policy and made various misrepresentations, including that that the policy covered all damage sustained during a weather event and there were no preexisting issues that would limit coverage.

After litigating the case in state court for nearly a year, State Farm filed a Notice of Removal asserting the agent was fraudulently joined and may therefore be disregarded for purposes of establishing diversity jurisdiction. The Notice of Removal further asserts that it first ascertained that the case was removable when it received Plaintiffs' Responses to Agent's Interrogatories and Requests for Production. According to State Farm, Plaintiffs' discovery responses establish that they cannot prove either of their claims against the agent.

To establish the timeliness of their Notice of Removal, State Farm relies on 28 U.S.C § 1446(b)(3). This provision provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." By relying on this provision, "State Farm has conceded that the case stated by Plaintiffs' pleading was not removable." *Misner v. State Farm Fire & Cas. Co.*, No. CIV-14-873-D, 2014 WL 6879094, at *3 (W.D. Okla. Dec. 4, 2014).[1] State Farm is therefore left to argue that it first ascertained that the agent was fraudulently joined – and the case was therefore removable – when it received Plaintiffs' discovery responses.

State Farm, as the party invoking federal jurisdiction, bears the "heavy burden of proving fraudulent joinder." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)

---

[1] In its Notice of Removal, State Farm maintains that Plaintiffs' allegations against the agent are "facially insufficient." If that is the case, then State Farm could ascertain that the case was removable at the time the initial pleading was filed and their Notice of Removal is untimely. *See* 28 U.S.C. § 1446(b)(1) (requiring a notice of removal to be filed within 30 days of receipt of the initial pleading).

(quotation omitted). To establish fraudulent joinder, State Farm "must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (brackets and quotation omitted). Under the second prong,[2] "remand is required if any one of the claims against the non-diverse defendant…is possibly viable." *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished). Importantly, "all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quotation omitted). Although the Court may pierce the pleadings and consider the entire record in evaluating a fraudulent joinder claim, it may not "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, R.I. & P. R. Co.,* 378 F.2d 879, 882 (10th Cir. 1967).

Applying this "exacting" standard, *Montano*, 211 F.3d at 1278, the Court concludes that State Farm has not carried its burden to show that the agent was fraudulently joined. First, contrary to State Farm's characterization, Plaintiffs' discovery responses do not conflict with the Petition. The discovery responses aver that the agent told them their roof

---

[2] The Notice of Removal relies on the second prong. However, State Farm's response brief also suggests that there has been actual fraud in the pleading of jurisdictional facts because Plaintiffs' counsel has filed nearly identical petitions in numerous cases. This Court has previously noted its discomfort with these nearly identical allegations. *See Christy v. State Farm Fire & Cas. Co.*, No. CIV-22-924-R, 2023 WL 2933312, at *3 n.3 (W.D. Okla. Apr. 13, 2023). However, the Court is unable to conclude that there has been actual fraud in this action because Plaintiffs have provided at least some evidentiary support for their allegations.

was in good condition and their coverage would fully replace any storm damage. However, State Farm's adjuster told them the policy did not cover minor hail damage, granular loss caused by hail, or shingles lifted from the wind. These statements, and the other statements included in the responses (which the Court has reviewed in full) are generally consistent with the allegations made in the Petition.

Second, there is nothing in the discovery responses establishing that Plaintiffs are unable to recover against the agent on at least one claim. Under Oklahoma law, an insurance agent "has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003) (brackets and internal quotation marks omitted). To discharge this duty, insurance agents must offer coverage "for needs that are disclosed by the insureds." *Id.*

Plaintiffs' discovery responses support an inference that they specifically requested a full replacement cost policy that would provide coverage for their roof in the event of weather damage. However, the policy the agent procured did not provide the extensive weather-related coverage they were allegedly promised, and they suffered losses because of the agent's failure to procure the policy as promised. Thus, rather than negating the agent's liability, the discovery responses provide evidentiary support for their negligent procurement of insurance claim. Where courts have found fraudulent joinder of an

insurance agent, the discovery materials have affirmatively established that the insured did not disclose their specific coverage needs. *See Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1337 (W.D. Okla. 2014) (finding fraudulent joinder where the plaintiff responded that he did not know what was inadequate about the policy); *Neill v. State Farm Fire & Cas. Co.*, No. CIV-13-627-D, 2014 WL 223455, at *2-3 (W.D. Okla. Jan. 21, 2014) (finding fraudulent joinder where the plaintiffs testified that they didn't know their policy limits and did not remember any discussion about the appropriate amount of coverage). Here, in contrast, Plaintiffs' responses indicate that they requested a specific coverage that was not procured as promised. *See Misner v. State Farm Fire & Cas. Co.*, No. CIV-14-873-D, 2015 WL 789160, at *2 (W.D. Okla. Feb 24, 2015) (finding no fraudulent joinder where "the allegations and evidence…are that the insureds *did* inform the agent of their insurance needs and the agent was involved in determining the coverage offered to them").

State Farm nevertheless argues that Plaintiffs' claim against the agent must fail because the agent procured a full replacement cost policy as requested and the central dispute is simply whether the roof sustained hail damage. This argument construes Plaintiffs' allegations too narrowly and ignores the presumptions that must be drawn in their favor. Although Plaintiffs dispute whether State Farm properly evaluated their claim, they also dispute whether the agent procured a policy that covered all weather-related damage, as they were purportedly promised. The coverage dispute against State Farm "does not preclude the possibility that [the agent] may ultimately be held liable for negligent procurement." *See Sang v. Smith*, No. 19-CV-00686, 2020 WL 6472683, at *4 (N.D. Okla. May 19, 2020).

To be sure, Plaintiffs' negligent procurement claim is not a "sure-thing," *Nerad v. Astra-Zeneca Pharmaceuticals*, 203 F. App'x 911, 913 (10th Cir. 2006), but that is not the standard. Resolving all factual and legal issues in Plaintiffs' favor, as the Court must, State Farm has not demonstrated that Plaintiffs' claim lacks "a basis in the alleged facts and the applicable law," *id.*, or that the agent's non-liability is "established with complete certainty upon undisputed evidence." *Smoot v. Chicago, R.I. & P. R. Co.,* 378 F.2d 879, 882 (10th Cir. 1967). Because State Farm has not carried its burden to show that Rebecca LaFevers State Farm Agency, Inc was fraudulently joined in this action, its presence defeats diversity jurisdiction and Plaintiffs are entitled to remand.[3]

Accordingly, Plaintiffs' Motion to Remand [Doc. No. 11] is GRANTED and this action is REMANDED to the District Court of Oklahoma County.

IT IS SO ORDERED this 19th day of July, 2023.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

---

[3] Because the Court has concluded that it lacks subject matter jurisdiction, it is unnecessary to resolve Plaintiffs' argument that the notice of removal was untimely.